In re Robert TESTA.

No. 82–468–M.P.

Supreme Court of Rhode Island.

June 4, 1985.

Robert Testa, pro se.

Frank A. Carter, Jr., Chief Disciplinary Counsel, Providence, for respondent.

## OPINION

PER CURIAM.

This case comes before us on Robert Testa's petition for reinstatement to the Bar of the State of Rhode Island and on the subsequent recommendation of the Disciplinary Board of the Supreme Court of Rhode Island (Disciplinary Board or board) that Robert Testa be publicly censured. Mr. Testa came before this court on February 21, 1985, in order to show cause why discipline should not be imposed.

We need not repeat the facts as stated in our opinion in the case *In re Alfred Testa, Jr.,* 489 A.2d 331 (R.I.1985), but will merely highlight those findings most relevant to the present case. In that case we held that both Alfred Testa, Jr., and Robert Testa were involved in the fraudulent execution of a promissory note and affidavit. In our examination of the testimony given by both men in that case, we found that both Alfred Testa, Jr., and Robert Testa had been less than candid regarding their involvement in the scheme to defraud. In addition, we found their testimony to have been evasive and untrustworthy. As a result of our review of evidence given at a number of hearings, we denied the request of Alfred Testa, Jr., to be admitted to the practice of law in this state but gave him permission to reapply after a period of not less than six months from the date of filing of our opinion in that case.

Subsequent to its investigation in the case of Robert Testa, the Disciplinary Board issued its decision and recommendation on December 20, 1984. In that decision, the board found that Robert Testa had violated a disciplinary rule of the court and had therefore engaged in conduct involving "dishonesty, deceit and misrepresentation." *See* Sup.Ct.R. 47, DR 1–102(A)(4). The board found that although the Fischers, whose names had been forged on the promissory note, had suffered no economic harm, the actions of Robert Testa had been intended to "give the appearance of acceptable legitimacy to an otherwise unobtainable family loan." The board found that Robert Testa's conduct was "misrepresentative, deceitful and dishonest in every particular." As a result of these findings, the board recommended the public censure of Robert Testa.

Although we accept the board's findings of fact as stated, we cannot accept the recommended sanction. The facts in this case, as thoroughly explored in our opinion in the Alfred Testa, Jr. case, lead us to conclude that public censure would be an inadequate remedy. We therefore deny Robert Testa's petition for reinstatement to the bar at this time. For reasons similar to those stated in our opinion in the case of

Alfred Testa, Jr., however, we shall not make such denial permanent or indefinite. We would suggest, rather, that Robert Testa reapply for reinstatement not less than six months from the date of filing of this opinion. At that time he may attempt to convince this court of his readiness to abide by the high standards of veracity required of attorneys at law in this state.

For the reasons stated, the petition of Robert Testa for readmission to the bar of this state is hereby denied.

MURRAY, J., did not participate.